**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Charles Dolan,<br>Plaintiff,<br>v.<br>Frank Bisignano, Commissioner of Social Security,<br>Defendant. | Case No. 2:26-cv-00983-NJK<br>**Order**<br>[Docket No. 17] |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Pending before the Court is Plaintiff's opening brief seeking reversal and remand. Docket No. 17. The Commissioner filed a responsive brief in opposition. Docket No. 19. Plaintiff filed a reply. Docket No. 20. The parties consented to resolution of this matter by magistrate judge. *See* Docket Nos. 3-4.

## I. STANDARDS

### A. Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§

404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

B. Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II. BACKGROUND

A. Procedural History

On February 21, 2024, Plaintiff filed an application for disability benefits with an alleged onset date of October 10, 2019. *See* Administrative Record ("A.R.") 21, 213-237. On July 4, 2024, Plaintiff's application was denied initially. A.R. 76-82. On November 6, 2024, Plaintiff's claim was denied on reconsideration. A.R. 83-97. On November 25, 2024, Plaintiff filed a request

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

for a hearing before an administrative law judge. A.R. 122-123. On May 27, 2025, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ David Lacy. A.R. 47-69. On June 13, 2025, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 18-39. On January 30, 2026, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 5-10. On March 31, 2026, Plaintiff commenced this suit for judicial review. Docket No. 1.

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process. A.R. 21-39. At step one, the ALJ found that Plaintiff met the insured status requirements and had not engaged in substantial gainful activity since the alleged onset date. A.R. 24. At step two, the ALJ found that Plaintiff has the following severe impairments: bipolar disorder, depression disorder, anxiety disorder, panic disorder, and depersonalization-derealization syndrome. A.R. 24. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 24-25. The ALJ found that Plaintiff has the residual functional capacity to

> perform a full range of work at all exertional levels, but with the following non-exertional limitations: He can have no exposure to hazards as those are defined in the Dictionary of Occupational Titles and Selected Characteristics of Occupations. He can understand, remember, and carry out simple and detailed, but not complex instructions. He can have frequent interactions with supervisors, co-workers, and the public. He can have frequent changes in a routine work setting.

A.R. 26-32. At step four, the ALJ found that Plaintiff has no past relevant work. A.R. 32. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and RFC. A.R. 33-34. In so doing, the ALJ defined Plaintiff as a younger individual aged 18-49 with at least a high school education. A.R. 32. The ALJ found the transferability of job skills to be immaterial. A.R. 32. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual

functional capacity and vocational factors could perform work as a hand packager, a warehouse worker, and a marker. A.R. 33-34. Based on these findings, the ALJ found Plaintiff not disabled since the alleged onset date. A.R. 34.

## III. ANALYSIS

Plaintiff raises three arguments on appeal: (1) that the ALJ erred in rejecting Plaintiff's subjective complaints based solely on a lack of medical evidence to corroborate the alleged severity of the symptoms; (2) that the ALJ erred in failing to provide clear and convincing reasons for discounting Plaintiff's subjective testimony and only reciting the medical evidence without further analysis; and (3) that the ALJ erred in relying on a mischaracterization of Plaintiff's daily activities to discredit symptom testimony. Docket No. 9 at 5-15.

### A. <u>Lack of Medical Evidence</u>

Plaintiff submits that the ALJ erred in rejecting Plaintiff's subjective complaints based solely on a lack of medical evidence to corroborate the alleged severity of the symptoms. Docket No. 17 at 9-10. The Commissioner submits that Plaintiff's subjective complaints were dismissed because they were not consistent with the medical evidence, not because there was a lack of medical evidence. Docket No. 19 at 9-10. The Commissioner has the better argument.

The Ninth Circuit has addressed almost these same exact facts. An ALJ may not "'reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain.'… This means that an ALJ cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence 'fully corroborat[ing]' every allegation within the subjective testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 494-495 (9th Cir. 2022) (citing *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

Plaintiff points to the ALJ's language to show that the ALJ relied on a lack of medical evidence alone to reject Plaintiff's subjective testimony. Docket No. 20 at 5-6. The ALJ stated that the objective medical evidence "does not support the persuasiveness" of Plaintiff's allegations and fails "to provide strong support for [Plaintiff's] allegations of disabling symptoms and limitations." A.R. 27. Plaintiff submits that this statement describes an absence of corroboration from the medical record. Docket No. 20 at 5. The Court finds that this language constitutes an

extension of the "not entirely consistent" language used by the ALJ, A.R. 27, and found by the Ninth Circuit to mean that "the record contains conflicting evidence," *Smartt*, 53 F.4th at 498. The Court does not find that the context of this language demands positive evidence of impairment from Plaintiff.

This finding is supported by the ALJ's rationale. *Smartt*, 53 F.4th at 499 ("The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince"). The Commissioner submits that the ALJ found the medical evidence shows largely normal mental examinations. Docket No. 19 at 9-10 (citing A.R. 393-394, 401, 493, 496, 499, 504, 507, 510, 513, 516, 519, 524, 557, 563, 574, 580, 586, 589, 895, 901, 904, 907, 915, 929, 932, 967, 974, 979, 981). Largely normal mental examinations contradict Plaintiff's symptom testimony. *Smartt*, 53 F.4th at 499 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"). Thus, the Court finds that the ALJ did not err in rejecting Plaintiff's symptom testimony because the rejection was not based solely on a lack of medical evidence to corroborate the alleged severity of the symptoms.

B. Recitation of Medical Evidence

Plaintiff submits that the ALJ erred in failing to provide clear and convincing reasons for discounting Plaintiff's subjective testimony and only reciting the medical evidence without further analysis. Docket No. 17 at 10- 12. The Commissioner submits that the ALJ did provide sufficient analysis in discounting Plaintiff's subjective testimony because the ALJ's path to his decision can be reasonably discerned. Docket No. 19 at 10. The Commissioner has the better argument.

If the ALJ's path in making a disability decision may reasonably be discerned, any error made by the ALJ is harmless. *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1099 (9th Cir. 2014).

The Ninth Circuit has held that the Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (*quoting Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch*, 400 F.3d 676, 679 (9th Cir. 2005). It is Plaintiff's burden to establish the harmfulness of error. *See, e.g.*, *Ludwig v. Astrue*, 681 F.3d 1047 1054 (9th Cir.

2012) (discussing *Shinseki v. Sanders,* 556 U.S. 396 (2009)). Simply arguing that the ALJ erred is insufficient to establish harmful error; the claimant must explain why the alleged error impacted the ultimate non-disability determination. *See Myers v. King*, Case No. 3:24-cv-00299-CLB, 2025 WL 456943, at *5 (D. Nev. Feb. 10, 2025); *see also, e.g.*, *Valenna v. Colvin*, Case No. C15-1498-RAJ-JPD, 2016 WL 4367600, at *6 (W.D. Wash. June 15, 2016), *adopted*, 2016 WL 4263047 (W.D. Wash. Aug. 12, 2016).

The Court can reasonably discern that the ALJ discounted Plaintiff's subjective testimony because the ALJ found that the medical records show largely normal mental examinations. The Court found above that the ALJ did not err in discounting Plaintiff's subjective testimony based on the normal mental examinations. Thus, Plaintiff has not proven that the ALJ has erred in its analysis, much less that any error was harmful to the disability determination.

C. Mischaracterization of Plaintiff's Daily Activities

Plaintiff submits that the ALJ erred in relying on a mischaracterization of Plaintiff's daily activities to discredit Plaintiff's symptom testimony. Docket No. 9 at 12-16. The Commissioner submits that the alleged mischaracterization is the ALJ's rational interpretation of Plaintiff's daily activities. Docket No. 19 at 11. The Commissioner has the better argument.

"Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Smartt*, 53 F.4th at 494.

The ALJ characterized Plaintiff's daily activities to include his ability to take care of pets, occasionally go to the store with someone on a weekly basis, prepare simple meals daily, occasionally drive, do chores such as dishes and laundry, go shopping with his mother, text a friend, pay bills, count change, handle a bank account, follow written and spoken instructions in following a recipe, and watch television. A.R. 29-30 (citing A.R. 47-69, 280-287, 310-318). The ALJ found the persuasiveness of Plaintiff's allegations weakened by inconsistencies between his allegations and his statements regarding daily activities. A.R. 32.

Plaintiff submits that the ALJ mischaracterized Plaintiff's ability to go to the store, shop, drive, text a friend, take care of pets, watch television, and do chores like laundry. Docket No. 17 at 14-16. Plaintiff submits that the ALJ erred in relying on this mischaracterization to reject

Plaintiff's allegations. *Id.* The Court finds that the characterization of Plaintiff's daily activities is a rational interpretation of the evidence, and thus, no error exists.

Plaintiff submits that he occasionally goes to the store with his mother, but that he often goes home early due to episodes of depersonalization. Docket No. 17 at 14 (citing A.R. 29, 58, 60). Plaintiff states that, on a good day, he may have a trip to the grocery store without incident. *Id.* (citing A.R. 60). The ALJ characterized Plaintiff as having the ability to go to the store with someone on a weekly basis and to go shopping with his mother. A.R. 29 (citing A.R. 47-69, 280-287, 310-318). The Court finds that this is a reasonable characterization of Plaintiff's daily activities.

Plaintiff submits that he drives on good days, but that he only has one or two good days a month. Docket No. 17 at 14 (citing A.R. 61). The ALJ characterized Plaintiff as having the ability to occasionally drive. A.R. 29 (citing A.R. 47-69). The Court finds that this is a reasonable characterization of Plaintiff's daily activities.

Plaintiff submits that he will text a friend in California to talk about sports and will ask how his friend is doing. Docket No. 17 at 14 (citing A.R. 63). Plaintiff submits that he otherwise isolates himself and has no social life. *Id.* (citing A.R. 58). The ALJ characterized Plaintiff as having the ability to text a friend. A.R. 29 (citing A.R. 47-69). The Court finds that this is a reasonable characterization of Plaintiff's daily activities.

Plaintiff submits that he has an unlicensed emotional support dog that he hangs out with on bad symptom days. Docket No. 17 at 14 (citing A.R. 60). Plaintiff submits that he gives his dog food and water but does not walk his dog because his dog mostly sleeps. Docket No. 17 at 14-15 (citing A.R. 63). The ALJ characterized Plaintiff as having the ability to take care of a pet. A.R. 29-30 (citing A.R. 47-69, 280-287, 310-318). The Court finds that this is a reasonable characterization of Plaintiff's daily activities.

Plaintiff submits that he watches television to distract himself from his symptoms. Docket No. 17 at 15 (citing A.R. 62-63). The ALJ characterized Plaintiff as having the ability to watch television on a regular basis. A.R. 30 (citing A.R. 47-69). The Court finds that this is a reasonable characterization of Plaintiff's daily activities.

Finally, Plaintiff submits that he washes his clothes when he showers every week or every other week. Docket No. 17 at 15 (citing A.R. 61). The ALJ characterized Plaintiff as having the ability to do chores like laundry. A.R. 29 (citing A.R. 280-287, 310-318). The Court finds that this is a reasonable characterization of Plaintiff's daily activities.

Accordingly, the Court finds that the ALJ rationally interpreted Plaintiff's daily activities. Thus, the ALJ did not err in relying on Plaintiff's daily activities when discounting Plaintiff's allegations.

## IV. CONCLUSION

The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** in favor of Defendant and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: November 6, 2026



Nancy J. Koppe
United States Magistrate Judge